UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Stephen R.F. Kern, Jr., <br><br> Plaintiff, <br><br> v. <br><br> James Dzurenda, et al., <br><br> Defendants. | Case No. 2:19-cv-00721-RFB-DJA <br><br> **Order** |

    Plaintiff sued Defendants after his arm was caught in a sally-port door at the High Desert State Prison where he is an inmate. (ECF No. 1). On February 5, 2021, the Court granted Plaintiff's request to extend the discovery deadline for sixty days to Friday, June 11, 2021. (ECF No. 26). But after Defendant Bryon Bradburn filed his motion for summary judgment on July 12, 2021, Plaintiff requested to conduct more discovery. Because the Court finds that Plaintiff has improperly requested to extend discovery and has raised arguments more appropriate to his response to Defendant's motion for summary judgment, it denies his motions. The Court finds these matters properly resolved without a hearing. LR 78-1.

    Plaintiff filed two "motions for discovery" (ECF Nos. 39 & 41), and a supplement (ECF No. 47) claiming that there is more evidence the Court should consider and apparently asking for leave or additional time to conduct this additional discovery. Throughout his motions, Plaintiff reiterates that the evidence will "raise genuine issues of material facts." (ECF No. 39). Interpreting Plaintiff's first motion as a request to extend the discovery deadline, Defendant responded (ECF No. 40) that Plaintiff's motions failed to meet the excusable neglect standard under Local Rule 26 governing discovery extensions. Interpreting Plaintiff's second motion as a part of his argument in response to the motion for summary judgment, Defendant asserts (ECF

No. 44) that Plaintiff's lack of diligence undermines his attempt to show that he cannot present facts essential to his opposition.

Plaintiff replies (ECF No. 45) and reiterates that the additional discovery is necessary to his case. Plaintiff argues that Defendant should have sought out the information Plaintiff now asks for more time to obtain. This includes a deposition or declaration of the person escorting Plaintiff when his arm got caught, the deposition or declaration of a maintenance worker familiar with the sally port door, video or audio of the incident, an instruction manual for the sally port door, and Plaintiff's medical records. Plaintiff attaches certain discovery materials, including his medical records and grievances, but does not otherwise cite these items in his reply.

The Court agrees with Defendant. If Plaintiff is seeking to reopen discovery, his request is not only too late, but also insufficient. Under Local Rule 26-3, any requests for extension made after the deadline has passes must demonstrate excusable neglect. Although Plaintiff asserts difficulties due to his incarceration, limited legal knowledge, with accessing the law library, and obtaining legal resources, he does not explain why he did not serve discovery requests asking for the depositions and evidence he now asserts is necessary.

But even if he had demonstrated excusable neglect, Plaintiff's arguments and exhibits are more appropriately raised in his response to Defendant's motion for summary judgment, as Plaintiff himself seems aware by citing Rule 56. (ECF No. 41). Plaintiff continually asserts that there is relevant evidence showing genuine issues of material fact that he has yet to obtain (or seemingly that he has attached to his reply). But, at this stage, Plaintiff's arguments are more appropriately raised under Federal Rule of Civil Procedure 56, not as a discovery motion. The Court thus denies Plaintiff's motions for discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for discovery (ECF Nos. 39 & 41) are **denied**.

DATED: September 27, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE